# SUPREME COURT

OF THE

## STATE OF ILLINOIS,

DELIVERED

## DECEMBER TERM, 1838, AT VANDALIA.

---

BENJAMIN GODFREY, WINTHROP S. GILMAN, SIMEON RYDER, and CALEB STONE, plaintiffs in error *v.* NATHANIEL BUCKMASTER, defendant in error.

*Error to Madison.*

There can be no impropriety in including several notes in one count in a declaration, where each of the notes is of precisely the same description.
It is not error to render final judgment upon demurrer. If a party wishes to answer over, he should withdraw his demurrer.

ON the 22d day of July, 1837, Nathaniel Buckmaster instituted a suit in *assumpsit*, in the Madison Circuit Court, against the plaintiffs in error and one John B. Glover, upon six promissory notes, made by the plaintiffs in error, and payable to the order of the defendant in error, Buckmaster. Process was executed upon all except Glover.

The declaration contains but one count, and is as follows:
"In the Circuit Court of Madison county, of August term, Anno Domini 1837.

State of Illinois, ⎰ ss.
Madison county, ⎱

Benjamin Godfrey and Winthrop S. Gilman, trading and doing business in name of Godfrey, Gilman & Co., Simeon Ryder and Caleb Stone and John B. Glover, trading and doing business in name of Stone & Co., were summoned to answer Nathaniel Buckmaster, of a plea of trespass on the case on promises, &c., and thereupon the said plaintiff, by his attorneys, Martin and Mur-

dock, complains, for that whereas, the said defendants, at Alton, to wit, at the county aforesaid, on the seventeenth day of January, in the year of our Lord one thousand eight hundred and thirty-seven, made their six certain promissory notes, in writing, and thereto subscribed their proper hand writings, the date whereof is the day and year aforesaid, by one of which said promissory notes, the said defendants on or before the eighteenth day of May then next, promised to pay to the order of Nathaniel Buckmaster, one thousand dollars, for value received, with interest at the rate of ten per centum after due and payable. By another of said promissory notes, the said defendants on or before the eighteenth day of May then next, promised to pay to the order of Nathaniel Buckmaster, one thousand dollars for value received, with interest at the rate of ten per centum per annum, from the said eighteenth day of May, eighteen hundred and thirty seven. By another of said promissory notes, the said defendants, on or before the eighteenth day of May then next, promised to pay to the order of N. Buckmaster, one thousand dollars for value received, with interest thereon at the rate of ten per centum, after the said note becomes due and payable. By another of the said promissory notes, the said defendants, on or before the eighteenth day of May then next promised to pay to the order of Nathaniel Buckmaster, one thousand dollars for value received, with interest at the rate of ten per centum per annum, from the said eighteenth day of May last. By another of said promissory notes, the said defendants, on or before the eighteenth day of May then next ensuing, promised to pay to the order of Nathaniel Buckmaster, one thousand dollars for value received, with interest at the rate of ten per centum per annum, from and after the said eighteenth day of May last. By another of said promissory notes, the said defendants, on or before the eighteenth day of May then next ensuing, promised to pay to the order of Nathaniel Buckmaster, one thousand dollars for value received, with interest at the rate of ten per centum, from and after the said eighteenth day of May aforesaid.

Nevertheless, the said defendants, not regarding their several promises and undertakings aforesaid, in form aforesaid made, not regarding the said several promissory notes, or any or either of them, or the said several sums of money, or any part thereof, to the said Nathaniel Buckmaster, the said plaintiff, have not paid, or any or either of them, or any part thereof, although the same to pay, they, the said defendants, have been often thereto requested, to wit, at the county aforesaid, but the same to pay have hitherto wholly neglected and refused, and still do refuse, to the damage of the said plaintiff, ten thousand dollars, therefore he brings suit, &c.

MARTIN & MURDOCK,
Att'ys of Plff."

Godfrey *et al v.* Buckmaster.

At the August term of said Court, 1837, the Hon. Sidney Breese presiding, the plaintiffs in error, by Cowles and Krum, their attorneys, filed their demurrer to the foregoing declaration, " And for cause of demurrer say, that there is duplicity in said declaration of the plaintiffs, in this there are six distinct causes of action embraced and included in the same count; 2d, There are several promises and undertakings alleged in one count."

To the demurrer there was a joinder, and the Court overruled the demurrer, and gave judgment for the defendant in error, (the clerk assessing the damages,) for the sum of $6,450 against the plaintiffs in error.

To reverse this judgment, the plaintiffs in error brought their cause to this Court, and assigned for error the overruling of the demurrer, and giving judgment for the defendant in error. There was a joinder in error by Buckmaster.

A. Cowles and J. M. Krum, for the plaintiffs in error, relied upon the following points and authorities:

1. That although the plaintiff could join the several causes of action in one declaration, yet, being several, they could only be in separate counts. Comyn's Digest, title *Action* C; Bac. Abr. *Pleas* C. B. 3, *Actions in general* C; 1 Term 276; 2 Wilson 319; 1 *Ib.* 252; 2 Saunders 117 c; Gould's Pleadings Ch. 4, § 80, 81; 13 Johns. 484–5; 2 Saunders 123 a; 3 Conn. 1; 15 Johns. 432.

2. The demurrer of the defendants below reached the fault or duplicity in the declaration, and should have been sustained. Although the different causes of action are of the same nature, they cannot be joined in the same count, the action being to enforce a single right of recovery. Gould's Pleadings, Ch. 4, § 99, 100, 103.

3. The judgment of the Court on the demurrer, should have been interlocutory and not final, such being the settled practice of the courts in Illinois.

Wm. Martin, for the defendant in error.

Smith, Justice, delivered the opinion of the Court:

This was an action of *assumpsit* brought in the Madison Circuit Court.

The plaintiff counted on six several promissory notes, made payable at the same time, for the sum of one thousand dollars each, and included the whole of the notes in a single count of the declaration. The count describes the notes according to their tenor and legal effect; and assigns the breach of the promise to pay, as to each and to the whole of the notes.

To this declaration the defendants specially demurred, and assigned for cause, a want of form by joining the notes in the

2L*

Godfrey *et al. v.* Buckmaster.

same count. The Circuit Court, holding the demurrer not well taken, overruled it, and rendered final judgment for the plaintiff. A writ of error has been prosecuted, and it is now assigned for error—First, That the declaration contains different and distinct causes of action, in one count, and that this count is therefore double; Secondly, That the judgment on the demurrer should have been *respondeas ouster.*

It is now argued by the counsel for the plaintiffs in error, that although the several and distinct promises of the defendants could be joined in one action, yet the promises being several and distinct, they should have been declared on in separate and distinct counts.

To this position it may be remarked, that the present case is not one of a misjoinder of causes of action so different in their nature as to fall within the rule which would render a declaration bad, because of such joinder; nor can we perceive how it is a cause even for special demurrer, for want of form. The count is no way defective in its form, but it is said to be defective in substance, because it combines the six notes in the description thereof, and has assigned the breach of non-payment of all, in the same count. And it is further insisted, that each note should have been set out in different counts; and, that not being done, the declaration is double.

The cause assigned in the special demurrer, and the argument used to support it, are inconsistent. One alleges the want of form as the defect, and the argument charges the act of joining the notes, in the description of them in the count, as matter of substance, and insists on this ground, that this fact sustains the want of form alleged.

There is no misdescription, no incongruity, or want of accuracy, or certainty in the count, which is even formally perfect; and hence the cause of demurrer assigned, is not established. We are entirely satisfied that no valid objection can be raised to the count.

The six notes are identical with each other, being for the same sum, of the same date, and payable at the same time; and might well be joined in the same count most conveniently, without ambiguity or perplexity. Indeed it is most desirable, where it can be done without producing confusion, when the causes of action are of the same nature, and may be clearly set forth together, that this mode of declaring should be adopted. No possible embarrassment can arise, for the defendant may avail himself of every defence. He may plead specially to each note separate matters of defence; or he may plead the general issue and give special matter in evidence, in defence to any or to all the notes. Suppose, instead of the six notes, there had been but one payable by instalments on six different days, would it be

objected that the promises and breaches could not be set forth in the same count? We apprehend not. The promises then being on separate pieces of paper, will not surely change the rule, nor the reason of it; nor can the count be double, because it describes several notes. The description of the six notes in separate counts, would have been no more clearly nor accurately described than they have been in one; and the useless verbiage, which would, in framing them, have to be observed, is thus desirably avoided.

The authorities cited by the counsel for the plaintiffs in error, and particularly those in Gould's Pleading, are far from sustaining the grounds assumed in support of the writ of error, while those in the 4th and 13th Johnson's Reports, clearly sustain the Court. In our system of practice it is of infinite importance to introduce precision and conciseness; and whatever tends to dispense with prolixity and useless recapitulation, should be encouraged.

On the second point the practice is plain. The judgment in chief was correct. If the defendants wished to plead to the merits of the action, they should have withdrawn their demurrer, and applied to the Court to answer over. This doubtless would have been granted. It could not compel the withdrawal of the demurrer; and as the defendants chose to stand by it, the Circuit Court could render no other than a final judgment on the pleadings as they stood.

The judgment is affirmed with costs.

*Judgment affirmed.*